# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHERYL B. JOHNSON,

        Plaintiff,

v.

SOLCO HEALTHCARE, US and CVS
PHARMACY,

        Defendants.

1:19-cv-8749-NLH-KMW

**MEMORANDUM
OPINION & ORDER**

**APPEARANCES:**

CHERYL B. JOHNSON
506 SOUTH WHITEHORSE PIKE
APARTMENT H201
STRATFORD, NJ 08084

    Appearing *pro se*.

**HILLMAN**, District Judge

    WHEREAS, Plaintiff Cheryl Johnson ("Plaintiff"), appearing *pro se*, has filed a complaint against defendants SOLCO Health Care, US and CVS Pharmacy ("Defendants");[1] and

    WHEREAS, Plaintiff alleges that that she suffered adverse

---

[1] Of note, Plaintiff has filed at least three other actions raising similar allegations against various other defendants. See Johnson v. Walgreens, No. 1:19-CV-8388-NLH, 2019 WL 5846660 (D.N.J. Nov. 7, 2019); Johnson v. MacLeods Pharma USA, Inc., No. 1:19-CV-7856-NLH-JS, 2019 WL 5846658 (D.N.J. Nov. 7, 2019); Johnson v. Cooper Med. Hosp., No. 1:18-CV-16352-NLH-AMD, 2018 WL 6381881 (D.N.J. Dec. 6, 2018).

side effects, namely a stroke, after taking a prescribed medication called Losartan; and

WHEREAS, Plaintiff further alleges that, as a result, she is largely disabled; and

WHEREAS, Plaintiff seeks reimbursement for unspecified medical bills and an award of $800,000; and

WHEREAS, Plaintiff has filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if she submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J. 2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action sua sponte if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017)

("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, *pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, the Court finds that Plaintiff's complaint is deficient for several reasons; and

WHEREAS, first, and as a threshold matter, the Court is unable to determine the asserted basis for the Court's exercise of subject matter jurisdiction. Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds

for the court's jurisdiction."; and

WHEREAS, initially, the Court cannot determine whether Plaintiff seeks to assert diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff does not identify diversity as a basis for the Court's jurisdiction in her complaint. See (ECF No. 1 at 4 (checking box for Federal Question jurisdiction and suggesting that the United States is a party to this action, but not checking the box for Diversity of Citizenship)); and

WHEREAS, further, the Court cannot determine whether it may properly assert diversity jurisdiction as Plaintiff's complaint suggests that Defendant CVS Pharmacy is a citizen of New Jersey, as is Plaintiff. See (ECF No. 1 at 3-4 (listing addresses for Defendant CVS Pharmacy and Plaintiff in New Jersey)); and

WHEREAS, the complaint suggests that the Court has subject matter jurisdiction because the Government is both a plaintiff and defendant in this action, and that the Court otherwise has federal question jurisdiction because issues of "Federal Constitutional [and] FDA Law" are at issue. (Id. at 4); and

WHEREAS, the Government is not a party to this action, and Plaintiff has not identified the basis for asserting that her claims arise under the Constitution. Moreover, Plaintiff does not expand upon her purported FDA claim or otherwise explain what federal law governs her allegations; and

WHEREAS, the complaint is otherwise void of allegations

4

that would suggest this Court has subject matter jurisdiction;
and

WHEREAS, furthermore, Rule 8(a)(2) requires a complaint
contain "a short and plain statement of the claim showing that
the pleader is entitled to relief"; and

WHEREAS, the civil cover sheet suggests that this matter
brings claims arising from health care product liability and the
Family and Medical Leave Act.  (Id.); and

WHEREAS, Plaintiff has not alleged any facts relating to
the Family and Medical Leave Act; and

WHEREAS, Plaintiff has not stated a *prima facie* case for
product liability, or any other cause of action;[2] and

---

[2] In New Jersey, the Product Liability Act (PLA), codified at New
Jersey Statute Annotated 2A:58C, *et seq.*, governs product
liability actions.  Three causes of action are established under
the PLA, namely, claims for design defect, manufacturing defect,
or warnings defect.  Roberts v. Rich Foods, Inc., 654 A.2d 1365,
1370 (N.J. 1995).  The standard of liability is that the product
"was not reasonably fit, suitable or safe for its intended
purpose."  Cornett v. Johnson & Johnson, 998 A.2d 543, 562 (N.J.
Super. Ct. App. Div. 2010).

To prove a defect, a plaintiff must be able to show that: (1)
the product was defective; (2) the defect existed when the
product left the hands of the defendant; and (3) the defect
caused the injury to a reasonably foreseeable user.  McGarvey v.
G.I. Joe Septic Service, Inc., 679 A.2d 733, 740 (N.J. Super.
Ct. App. Div. 1996).

The complaint is entirely void of allegations relevant to any of
these factors.  Plaintiff has not alleged the drug at issue was
defective, but rather only that she suffered a side effect from
taking it.  Moreover, Plaintiff fails to tether Defendant to the
harm she allegedly suffered.  In fact, Plaintiff has not

WHEREAS, while Plaintiff has identified Defendants in the caption of the complaint, Plaintiff fails to explain how they are connected to this action; and

WHEREAS, the Court will grant Plaintiff an opportunity to file an amended complaint to correct the above-referenced deficiencies; and

WHEREAS, in preparing this Opinion and Order, the Court determined that Plaintiff attached sensitive personal identifiers to the initial complaint at ECF No. 1-2. As such, and in light of Plaintiff's *pro se* status, the Court will *sua sponte* order the documents filed at ECF No. 1-2 temporarily sealed; and

WHEREAS, to the extent Plaintiff needs to rely upon such personal and confidential information moving forward, or otherwise seeks to file such information along with any amended complaint, Plaintiff should file a motion to seal such documents pursuant to Local Civil Rule 5.3;[3]

---

presented a single allegation against Defendant, but rather recites various complaints about the drug at issue. Such bare allegations do not render the complaint actionable and require its dismissal.

[3] This Court previously instructed Plaintiff on the way in which to properly seek the sealing of confidential documents. The Court repeats that prior instruction here for Plaintiff's benefit. Local Civil Rule 5.3 governs requests to seal documents filed with the Court. Instructively, the Rule dictates that the party seeking to seal documents must describe: (a) the nature of the materials at issue; (b) the legitimate private or public interests which warrant

THEREFORE,

IT IS on this ___9th___ day of ___December___ , 2019

ORDERED that Plaintiff's IFP application (ECF No. 1-4) be, and the same hereby is, **GRANTED**; and it is further

ORDERED that Plaintiff's complaint is **DISMISSED** in its entirety, **WITHOUT PREJUDICE**, for failing to state a claim on which relief can be granted and for want of subject matter jurisdiction; and it is further

ORDERED that ECF No. 1-2, which contains Plaintiff's confidential and private personal identifiers, be, and the same hereby is, **TEMPORARILY SEALED**; and it is further

ORDERED that Plaintiff shall have twenty (20) days to amend her complaint to properly cure the deficiencies noted above, and to ask this Court to permanently seal ECF No. 1-2 in a manner described in footnote three above; and it is further

ORDERED that if Plaintiff fails to file an amended complaint within the timeframe allotted, this case will be dismissed for lack of subject matter jurisdiction and failure to state a claim. See Fed. R. Civ. P. 12(h)(3).


                                        s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

_____
the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. L. Civ. R. 5.3(c)(3).